IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CR-30089-MJR |
| ) | |
| KYLE KIMOTO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On July 27, 2010, Kyle Kimoto filed a motion to correct his sentence pursuant to Fed.R.Crim.P. 35(a) (Doc. 208). A defendant in a criminal case has the right to represent himself or to be represented by counsel, but there is no right to both or a "hybrid" representation. **28 U.S.C. § 1654 ("[P]arties may ... conduct their own cases personally *or* by counsel....";** *McKaskle v. Wiggins,* **465 U.S. 168 (1984) (emphasis added);** *United States v. Kosmel,* **272 F.3d 501, 506 (7th Cir. 2001).** Kimoto is represented by counsel and is not entitled to also represent himself by filing motions without the aid of his counsel. For this reason, the Court will deny Kimoto's motion.

However, the Court is mindful that Kimoto's 35(a) motion could be construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ***United States v. Boyd*, 591 F.3d 953, 956-57 (7th Cir. 2010).** If this was Kimoto's intent, he may refile the motion as a separate civil action. The Court advises Kimoto that he may file only one petition under § 2255 without obtaining leave to file a successive petition from the court of appeals. *Alexander v. United States,* **121 F.3d 312, 314 (7th Cir. 1997); 28 U.S.C.§**

**2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ...")**. If Kimoto believes that he has additional grounds to assert, he should include every § 2255 claim he believes he has in one petition.

Additionally, the Court observes that Kimoto's direct appeal has not been resolved by the Seventh Circuit. Although the pendency of a direct appeal does not constitute a *jurisdictional bar* to a § 2255 petition, ***DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1998)**, the general rule is that a § 2255 motion is premature if filed before the direct appeal has been decided.

Accordingly, the Court **DENIES** Kimoto's motion to correct sentence pursuant to Fed.R.Crim.P. 35(a).

**IT IS SO ORDERED.**

**DATED this 29th day of July, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**