IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-cr-30089-MJR |
| ) | |
| KYLE KIMOTO, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Kyle Kimoto was found guilty by a jury of one count of conspiracy and several counts of mail and wire fraud in connection with his role in a national debit card telemarketing scheme. In October 2008, he was sentenced to 350 months imprisonment and assessed criminal monetary penalties to the tune of over $34 million in restitution and $1,400 in a special assessment. Kimoto has since been incarcerated with the Bureau of Prisons, and he has paid $150.00 of his restitution and $875 of his assessment.

As a part of his incarceration, Kimoto has access to an inmate trust account, which the Bureau of Prisons administers. Kimoto can deposit funds into the account, as can his friends and family, and Kimoto can use the deposited funds to buy items from the prison's commissary and pay for other incidentals. He has a history of having large sums of money in his prison trust account—records in his tagalong habeas case reveal that, as of this month, his average daily balance from December 2015 to May 2016 was over $1,000. In February 2016, the United States Attorney's Office for the Southern

District of Illinois learned of Kimoto's balance history. The United States had the Bureau of Prisons encumber the funds in Kimoto's account at that time, which totaled $768.40, and then moved for an order directing the Bureau to issue a check for that amount to the Clerk of this Court, so that those funds can be applied to Kimoto's restitution. Kimoto has objected, and the motion is now before the Court for review.

The federal code declares that a sentence imposing restitution is a lien in favor of the United States on the defendant's property. **18 U.S.C. § 3613(c) & (f).** The code also lays out the procedures available to the United States to collect on a restitution lien—it can use state and federal enforcement statutes under 18 U.S.C. § 3613(a), or it can employ all other "available and reasonable means" to collect under 18 U.S.C. § 3664(m). An enforcement proceeding is the path of choice when the property at issue isn't in the United States' control. When the property is in the United States' control, though, as is the case for inmate trust accounts, the "reasonable means" provision allows the United States to seek a turnover order from the judge who ordered restitution. *E.g., United States v. Hester,* **No. 10-cr-2967, 2016 WL 1007335, at \*2 (S.D. Cal. Mar. 14, 2016);** *United States v. Gibbs,* **No. 3:92-cr-30119, 2015 WL 5895461, at \*1 (S.D. Ill. Oct. 8, 2015).**

Kimoto doesn't oppose the turnover order on procedural grounds, but instead maintains that the money in his account is used for tuition payments and child support, and thus can't be collected. The enforcement statute says that a judgment imposing restitution can be enforced against any property, unless the property is exempted by various sections of the tax code. **18 U.S.C. § 3613(a).** Under the plain terms of the tax code, there's no exemption for funds that might be used for tuition or educational

2

goods.  The exemptions for school books and tools of a trade extend only to the goods themselves, a point that renders Kimoto's tuition argument a non-starter.  *See* **26 U.S.C. § 6334(a)(1) & (3)**; *see also Kane v. Burlington Savings Bank*, 320 F.3d 545, 548 (2d Cir. 1963); *United States v. Holcomb*, No. 08-20003, 2012 WL 5306257, at *3 & n.13 (D. Kan. Oct. 26, 2012).  As for the child support exemption, not all funds that might be used to pay child support are statutorily exempt from collection enforcement efforts.  Only monies from "salary, wages, or other income" that are used to pay child support are exempt under the tax code, and funds from inheritances and gifts don't fall within that language.  *E.g.*, *Woods v. Simpson*, 46 F.3d 21, 24 (6th Cir. 1995); *United States v. Taylor*, No. 397-cr-254, 2001 WL 1172185, at *2 (N.D. Tex. Sept. 27, 2001).  In his response to the United States' motion, Kimoto admits that the funds currently encumbered in his inmate trust were "acquired from outside resources"—namely "family and friends"—and "not what [Kimoto] has earned through his inmate pay." That admission dooms any child support exemption here.

Since both of Kimoto's exemption arguments fail, he is left only with the demands of the restitution enforcement statute, which compels a prisoner to apply the value of any substantial resources received during his incarceration to the owed restitution.  *See* **18 U.S.C. § 3664(n).**  By Kimoto's admission, he has been given substantial resources from outside sources during his tenure with the Bureau of Prisons, so those funds are subject to turnover.  The United States' motion (Doc. 276) is **GRANTED**.  The Bureau of Prisons is **ORDERED** to release $768.40 of encumbered funds from Kimoto's trust account, to be paid to the Clerk of this Court for Kimoto's

outstanding criminal monetary penalty.  The Clerk **SHALL** apply these funds as payment towards Kimoto's owed penalties.  The payment is to be made payable to the Clerk of the District Court, 750 Missouri Avenue, East Saint Louis, Illinois, 62201.

    **IT IS SO ORDERED.**

    **DATED:  May 27, 2016**

    /s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**